Good morning, Your Honors. May it please the Court, my name is Matt Christensen. I represent the appellant, Dr. Laura Reis. As the Court's aware, this case is about eligibility to be a Subchapter 5 debtor in a Chapter 11 bankruptcy case. There's essentially four elements that are required under the definition. This is about one of those elements, whether the majority of Dr. Reis' debts stem from commercial or business activities. That's the fourth of those four, the last one, right? Correct. There's ways of reordering it, but it's generally the fourth of the four. The bankruptcy court, in its determination, recognized that nearly all of the facts in the case were undisputed. There was testimony at the hearing from Dr. Reis. She was cross-examined. There wasn't any other testimony presented from any other party. The facts were largely undisputed. I would say the relevant facts are all undisputed. So I think that's one issue where we believe the district court may have erred, and that's in the standard of review on appeal of that bankruptcy court's decision. Our view is, because the facts are undisputed, it's an application of the law to those facts, which is a de novo review, not a clear error review. There weren't facts that the bankruptcy court had to determine because they were undisputed. Under a de novo review, we believe the bankruptcy court erred and ignored certain facts that were still undisputed. The... Counsel, if I could ask you a question, please. Assuming it's de novo review rather than clear error, my understanding was that the nature of the debts here that caused the controversy was that they were educational. Correct. Student loans. And if that's true, how do they meet the standard of being commercial? And that's, I think, where the dispute is. The student loans were incurred while Dr. Reese went to medical school. Her plan prior to going to medical school was to get that degree so she could open her own medical practice. Her testimony at the hearing was that was the plan the entire time. She also testified that in order to open her own medical practice, she needs a medical degree, she needs a residency to continue that medical training, and she needs some amount of time continuing her medical training through some employment scenario. But that testimony was undisputed at the trial. And because her plan the entire time was to open her own medical practice, that degree was required in order to do that. I'm not sure that I really understand your argument because the business that she was engaged in is the medical practice, right? At the time she filed for bankruptcy and tried to take advantage of this Chapter 5 procedure, she was engaged in the business of running her medical practice. Correct. She owned and operated the medical practice at the time the bankruptcy was filed. The question that we have to answer is whether her student loan debt arose out of that medical practice. That's the statutory requirement that it has to arise out of commercial or business activity. Here, the relevant commercial or business activity is the medical practice. I want to clarify one issue, Your Honor, and I think the bankruptcy court identified this and addressed it. This is the issue that wasn't appealed, whether there has to be a nexus between the actual commercial or business activity at the time you file bankruptcy and the commercial or business activity when the debt was incurred or whether the debt was incurred for that exact business or commercial activity. Well, it has to arise out of the business activity in order for her to be eligible, right? It has to arise out of a commercial or business activity, not the commercial. That's why I started my question with trying to identify what the A, business activity that you're relying on, and as I understand the arguments both presented below and here, is that she was engaged in running her medical practice and that's the business activity that she was engaged in. And the business activity that the debts were originally incurred for. Our position is, and I'm sorry. No, I think we're going in the same direction. I just want to make sure that I understand your argument. The business activity that she's relying on is the medical practice, which she started in 2020, right? But the debt was incurred in 2010. So how do you connect that and argue that the loan incurred in 2010 arose out of her engaging in the business of running her medical practice? It's that disconnect that I'm struggling with. And I think, honestly, that's what the bankruptcy court struggled with, too, in determining that, hey, this period of time between the education and the opening of her business was essentially too long. And our argument is she couldn't open the business without that medical degree. She had to have it. The purpose for getting the medical degree was to open that business. Yes, there was a period of time. That's true of any professional degree. I disagree, because you can get a medical degree and plan to work for a hospital your entire career. I think one of the cases you cited was a Colorado case that gave it great latitude. I think it's the Iagovic, if I'm pronouncing that correctly, case. Is that right? And that was dealt with below. The pronunciation will be left to you. I pronounced it the same way you did. But my point of following on Judge Wynn's question is that that language there was for purpose of earning an income, and that that was the sufficient purpose of the debt in terms of it arising out of a commercial or business activity, correct? Purpose of that's what the Colorado bankruptcy court held that you cited was purpose of earning an income. Rather a broad brush, isn't it? Most people who go to dental school or medical school or law school at some point in time hope to earn an income in some fashion from it. Isn't that correct? I think that's correct. So how do you not open up the floodgates if we take your argument to its logical conclusion? It isn't just a minor matter that the loans here were incurred between 2005 and 2009. And she opened her law practice actually in August. The medical, the now defunct private practice of which you're speaking was opened in August of 2021. We have more than 10 years. We have 11 plus years later when she finally opens her own medical practice. So it's not just a time frame reference, it's the matter of whether the basic purpose of a student loan in going to professional school. That's where I think two things temper that result. First is the factual issue here that Dr. Reese intended to always operate her own medical practice. That's not always the case at the time someone goes to medical school or any professional school. The second thing, which is somewhat related to that, is to qualify for subchapter five, there's four elements. We're dealing with just did her debt stem from that commercial or business activity? The first three aren't really an issue. The point is the fourth element is at least half of that debt arose from the debtor's commercial or business activities. So it was important for her to reach that criteria to include her student debt so she could satisfy that fourth criteria of more than half her debt arising from a commercial or business activity. Correct. Absent of the student loans, more than half her debt would not have arisen from a commercial or business activity. I could be wrong, but I think the papers here indicate that the trustee, we'll hear from the trustee in a minute, the trustee is not arguing that student loan can never be a commercial business activity. That's not before us, is it? That's not before us and that's not what the bankruptcy court decided.  But limited to whether on the facts of this case, it can be said that that student loan some 11 years earlier would qualify as arising from a commercial or business activity which did not exist then but would exist or did exist some 11 years later. And that's where the first element of the four-part test would prevent the situation that you described earlier of, look, anyone that goes to a professional school would then somehow qualify for it to be a subchapter five debtor. They have to be actually operating a commercial or business activity at the time of the bankruptcy filing. And that wouldn't necessarily be always the case. I'm sorry to interrupt there, but didn't you say a few minutes ago that the debts have to stem from a commercial activity? Yes. The fourth test is at least 50% of the debts have to arise from commercial or business activity. So arise from, that language to me or stem suggests that the debts that you're trying to consider have to be caused by some commercial activity. And we don't have that activity, it seems to me, when she's in school. If the only fact was she was in school, I would probably agree with you. But when she's in school so she can get the credential to operate her own medical practice, that's the factual difference, I think. And that's where if I'm just going to medical school to get a degree and I hope I get a job somewhere later, that would not be a commercial or business activity. Mr. Christensen, following up on Judge Gould's question, you, I believe, cited, for example, another Colorado bankruptcy case that tried to use Chapter 7 as an argument and Palmer versus I think it's Lane is a case you cited. In that case, the evidence was pretty clear that the individual obtained a doctorate degree in business administration specifically immediately to run a company that was at the time his employer. It was a pretty immediate effect, correct? Correct. I mean, we're not talking 11 years later. It was actually evidence that he went to get his doctorate in business administration because he was essentially going to buy his employer and needed that degree. They certainly aren't the facts here, though. Those aren't the facts here. And that's why I think a sort of a per se rule that student loans never or always will qualify as. No, I agree with you. And I think we've addressed that. I understand that you've that this court isn't required to make that conclusion. And I think the record is here that the trustee is not arguing that that's the case. But here in this following up on Judge Gould's question is your argument that the initial debt from 2005 to 2009 arose at that time out of a commercial or business activity. And I gather your response is, well, there was no commercial or business activity at that time, but there was going to be. There was going to be and there couldn't be at that time because she didn't have the degree yet. She couldn't open her own medical practice without that credential. The business degree is different because you can start a business the day after you graduate with the medical practice. There's additional training that you're expected to have to be competent enough to open your own practice. And that's what she pursued. The test that arises from the statutory language arising or arose from the debtors commercial or business activity, that seems to be an objective test. Are you saying that the court had to have looked into her subjective intent? I took this debt out intending to open a business? I think that's what we're arguing, yes. Do you have a case indicating that in this context we looked at somebody's subjective intent? The issue we always run into with Subchapter 5 arguments is it's only been around for, I think, four years at this point. It's the result of the Small Business Reorganization Act, right, of 2019. Correct. Which was meant to help existing small businesses. Which she was at the time she filed. She wasn't in 2005 to 2009. She intended to be in 2005. I understand.  Counsel, you're down to under two minutes. I forgot to mention I wanted to reserve a couple of minutes at the end. Well, maybe you should, unless one of my colleagues has a question for you right now, you should reserve your remaining time. We'll hear from the appellee. May it please the Court, Andrew Byer for Appellee, United States Trustee. We think this is an easy case. You know, the issue of what commercial or business activity is or how it's defined is a good academic question, but this case, as some of the judges' questioning has identified, makes it an easier case than some of the factual patterns you might come up with. We are correct in understanding that you're not arguing that student loans can never be commercial or business activity. That's correct. Nor are you requesting the Court hold that. No, no, no, sir. In general, I would say student loans will not be considered commercial or business activity. Typically, you're going to school. It's just that transaction. You're exchanging money for an education, for your personal education, not for a specific business purpose. What we're arguing is when the debt arises, you look at what the purpose was at the time. If there is no current business activity or commercial activity when the debt arises that wasn't the original purpose for it, then it doesn't help you qualify for a small business eligibility. You asked about the standard review. I think this is a factual question that the judge got right. This is a totality of circumstances type test that the judge has to weigh all the relevant evidence to determine whether it was a commercial or business activity. Here we have the facts are at the time she entered medical school, she did not have a business. She was a full-time student. She wasn't even earning income. Even if you wanted to extend commercial or business activity to earning income, which we disagree with. We don't think that qualifies by itself. She wasn't even earning income. She was a full-time student. So while she's in medical school, she didn't have a business. That's undisputed. And she wasn't earning income. And there is testimony, the testimony is kind of conflicting. The opposing counsel suggests she always wanted to have a medical practice. This was her goal in life. The only evidence of that is her own testimony, and that's conflicting. So there was a fact to weigh there for the bankruptcy judge to look at all the facts and consider whether that was her actual intent. And I have the testimony here. Did you know exactly where and for whom you would be working when you started medical school? And her answer was no. And later on she said, well, yeah, I kind of always wanted to open my own practice. So even if her subjective intent at the time the debt arose was a factor, that was a fact at issue that the bankruptcy judge found regarding all the relevant facts was not her then present intent. Maybe she had a hope or a dream, but it wasn't an actual plan. And that's what our argument is, is that there's got to be some nexus when the debt arises to the actual commercial or business enterprise or activity that's going on. It doesn't have to be the same business you're engaged in to qualify you for Subchapter 5. We're not making that argument. Our argument is commercial business activity, the way those words are used in the definition, have to be defined the same way. So if a person going to medical school, if that is a commercial or business activity by itself, then like Judge Bennett said, that would open the floodgates to anyone who's a student who may want to eventually earn income or open a business at some point in the future. They would be eligible for Subchapter 5 because that means they would also be engaged in commercial activity at the same time as the debt arose. If you're defining commercial and business activity that broadly. So we think it requires a nexus to some business or opportunity at the time the debt arises. And the testament I just read, she didn't have any plan of where she was going to work or whether she was going to open a business at the time she was in medical school. So that's in the record. And whether there's conflicting evidence on that, that would be a factual determination by the bankruptcy judge and he determined it was not commercial or business activity. So we think the standard review here is clear error for that fact. But even under de novo review, we think it should be affirmed. I just wanted to add another relevant fact in this case to what her intent was at the time the debt arose is her 2018 bankruptcy case. And that's in our supplemental appendix. We put the petition in there. She filed Chapter 7 in 2018. And when she did so, she checked the box to characterize her debt as consumer debt. At that point in 2018, she called it consumer debt. And now when it benefits her in her Subchapter 5 case to call it business debt. This was her second filing in bankruptcy. Yes, sir. Yeah, okay. And obviously student loans don't get discharged in either case, the Chapter 7. So that's why the debt still exists. So that's another relevant fact in looking at all the totality of the circumstances that the bankruptcy judge was looking at. In addition, the length of time in between when the debt arose and when she ultimately opened her business, they say that's required steps you have to take to ultimately become a doctor. But that length of time is too far removed, we think, to get that nexus of an actual business when the debt arises. And I think there's very few – most of the cases discuss the engaged in prong, but we think they're relevant to both because commercial and business activity is the same word, so it should be interpreted the same way. But the couple cases that do talk about arose from, I think, the one Bennion case. It's the Bankruptcy District of Idaho that's cited in our brief. It helped me think about this issue where the debtor wasn't – there was no question he was engaged in business. I think he had a tree-cutting business, and he went to do a job for a family member for free as a courtesy, as a personal matter, to cut down their trees. And in the course of doing that, a tree fell on him. He was injured, substantial medical debt, so he ended up in bankruptcy. He filed under Subchapter 5, so there's no question he's engaged in commercial business activity. But the actual injury arose from his personal actions of cutting trees, the same activity he's engaged in in his business, but in that case it was personal. So the court said, no, that debt arose from your personal activities, not your business activities. So you can see how, in that case, I would say there's a stronger nexus because he was doing the actual activity of his business, and he was currently engaged in that business when the tree fell on him. But you look at the purpose that was of the debt, and here her purpose was clearly personal at the time she took out the student loans. And I think that's the general rule most courts would say, that an individual transaction or individual consumer transaction is not commercial or business activity, even though an economist may say everything in the world is commerce. But the statute needs to be more narrow and specific because the definition is intended to narrow the scope for only those small business debtors that engage with customers. It's not activity, it's activities. So you look at the totality of all the activities, would that be considered a business? Yeah, and I think I've covered everything I wanted to cover. Unless there's questions from the court, I cede the rest of my time, and I thank you for your time and attention. I have no questions. I have no questions. No further questions. And we thank counsel for the argument. And we'll hear from Bill. Thank you, Your Honor. Just a couple of last comments. The rule that there shouldn't be a per se rule saying that student loans will always or never constitute business or commercial activity leaves room for times when they can. And that's what this case is about, is this a time when it can. What we propose is when the degree or the credential or whatever it is you're going to school for is required to operate that business, then the cost to get that degree should be considered part of the business or commercial activities. At the hearing, Dr. Reese, there were follow-up questions to what opposing counsel read to the court. Those follow-up questions were very clear. You said you have always wanted to have your own practice. Did I hear that correctly? Yes. Has that been the case from the very beginning of going to medical school? Yes. This degree was required in order for her to be able to operate her own medical practice. That's the time. That's the sort of situation where the cost for those student loans should be considered costs arising from business or commercial activities. Unless there's other additional questions, I've finished. Thank you. Okay, thank you. Thank you. I'm hearing no questions. The Reese case shall now be submitted.
judges: GOULD, NGUYEN, Bennett